## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOLOGY INNOVATIONS LLC § § § Plaintiff, § § v. § § MILESTONE AV TECHNOLOGIES LLC § d/b/a SANUS § § Defendant. § | CIVIL ACTION NO. JURY TRIAL DEMANDED |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Symbology Innovations LLC ("Symbology" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Milestone AV Technologies LLC, d/b/a SANUS, (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Symbology, from U.S. Patent Nos. 8,424,752 (the "'752 patent", attached hereto as Exhibits A); 8,651,369 (the "'369 patent", attached hereto as Exhibits B); and 8,936,190 (the "'190 patent", attached hereto as Exhibits C) (collectively the "Patents-In-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

3. Upon information and belief, Defendant is a company organized under the laws of Delaware, having a principal place of business at 6436 City West Parkway, Eden Prairie, MN 55344. Upon information and belief, Defendant may be served with process at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction as well as because of the injury to Symbology, and the cause of action Symbology has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL ALLEGATIONS

*'752 patent*

8. On April 23, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '752 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

9. Symbology is presently the owner of the patent, having received all right, title and interest in and to the '752 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '752 patent, including the exclusive right to recover for past infringement.

10. The '752 patent contains three independent claims and twenty-five dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '752 patent.

11. The invention claimed in the '752 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

*'369 patent*

12. On February 18, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '369 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

13. Symbology is presently the owner of the patent, having received all right, title and interest in and to the '369 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '369 patent, including the exclusive right to recover for past infringement.

14. The '369 patent contains three independent claims and twenty-five dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '369 patent.

15. The invention claimed in the '369 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

*'190 patent*

16. On January 20, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '190 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

17. Symbology is presently the owner of the patent, having received all right, title and interest in and to the '190 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '190 patent, including the exclusive right to recover for past infringement.

18. The '190 patent contains three independent claims and seventeen dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '190 patent.

19. The invention claimed in the '190 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

**COUNT I**
**INFRINGEMENT OF THE '752 PATENT**

20. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 19.

21. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '752 patent

22. Defendant has had knowledge of infringement of the '752 patent at least as of the service of the present complaint.

23. On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 6, of the '752 patent by using and/or incorporating Quick Response Codes (QR codes) into product packaging in a manner covered by one or more claims of the '752 Patent. Defendant has infringed and continues to infringe the '752 Patent in violation of 35 U.S.C. § 271.

24. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into product packaging, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on product packaging associated with Defendant's products/services.

25. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with product packaging. On information and belief, Defendant has captured a digital image of a QR code associated with its product packaging, an example of which is shown below.



26.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and product packaging.

27.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the product or service associated with the QR code).  On information and belief, the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

28. For example, if a user scans a QR code associated with Defendant's product packaging, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information related to Defendant's products/services, and includes a website providing additional information about the product/service as shown below.



29. On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to alert the user when an image containing symbology has been detected (e.g., once the QR code is scanned the user receives notification asking user whether to open Defendant's website).

30. By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '752 patent, pursuant to 35 U.S.C. § 271.

31. Defendant has committed these acts of infringement without license or authorization.

32. As a result of Defendant's infringement of the '752 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

33. Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT II
## INFRINGEMENT OF THE '369 PATENT

34. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 33.

35. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '369 patent.

36. Defendant has had knowledge of infringement of the '369 patent at least as of the service of the present complaint.

37. On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 6, of the '369 Patent by using and/or incorporating QR codes into product packaging in a manner covered by one or more claims of the '369 Patent. Defendant has infringed and continues to infringe the '369 Patent in violation of 35 U.S.C. § 271.

38. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into its product packaging, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on product packaging associated with Defendant's products/services.

39. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with product packaging. On information and belief, Defendant has captured a digital image of a QR code associated with its product packaging, an example of which is shown below.



40. On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and product packaging.

41. On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device. The scanning technology

detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief, the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

      42.    For example, if a user scans a QR code associated with Defendant's product packaging, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products/services, and includes a website providing additional information related to the product/service as shown below.



43. On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to alert the user when an image containing symbology has been detected (e.g., once the QR code is scanned the user receives notification asking user whether to open Defendant's website).

44. By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '369 patent, pursuant to 35 U.S.C. § 271.

45. Defendant has committed these acts of infringement without license or authorization.

46. As a result of Defendant's infringement of the '369 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

47. Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT III
## INFRINGEMENT OF THE '190 PATENT

48. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 47.

49. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '190 patent.

50. Defendant has had knowledge of infringement of the '190 patent at least as of the service of the present complaint.

51. On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 6, of the '190 Patent by using and/or incorporating QR codes into product packaging in a manner covered by one or more claims of the '190 Patent. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

52. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into product packaging, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on product packaging associated with Defendant's products/services.

53. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with product packaging. On information and

belief, Defendant has captured a digital image of a QR code associated with its product packaging, an example of which is shown below.



54.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and product packaging.

55.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief, the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the

portable electronic device and displayed on a display associated with the portable electronic device.

56. For example, if a user scans a QR code associated with Defendant's product packaging, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products/services, and includes a website providing additional information related to the product/service as shown below.



57. On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to alert the user when an image containing symbology has been detected (e.g., once

the QR code is scanned the user receives notification asking user whether to open Defendant's website).

58. By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '190 patent, pursuant to 35 U.S.C. § 271.

59. Defendant has committed these acts of infringement without license or authorization.

60. As a result of Defendant's infringement of the '190 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

61. Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

62. Symbology demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Symbology prays for the following relief:

a. That Defendant be adjudged to have directly infringed the Patents-In-Suit either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales including, but not limited to, those sales not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patents-In-Suit;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Symbology for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284; and

f. That Symbology have such other and further relief as this Court may deem just and proper.

Dated: May 4, 2018            Respectfully Submitted,

STAMOULIS & WEINBLATT LLC

/s/ Stamatios Stamoulis
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917

Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
SYMBOLOGY INNOVATIONS LLC**